# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# CENTRAL DIVISION

| | | |
|---|---|---|
| JOHN C. SKINNER, Register No. 1069523, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 07-4009-CV-C-SOW |
| | ) | |
| JEFFERSON CITY CORRECTIONAL CENTER, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## REPORT AND RECOMMENDATION

Plaintiff John C. Skinner, an inmate confined in a Missouri penal institution, brought this case under the Civil Rights Act of 1871, 42 U.S.C. § 1983, and its corresponding jurisdictional statute, 28 U.S.C. § 1343. This case was referred to the undersigned United States Magistrate Judge for processing in accord with the Magistrate Act, 28 U.S.C. § 636, and L.R. 72.1.

A telephone conference was held on April 26, 2007, to address plaintiff's requests for preliminary injunctive relief.

Although the federal courts have broad power to grant or deny equitable relief in a civil rights action, Holt v. Sarver, 442 F.2d 304 (8th Cir. 1971), a "large degree of discretion is vested in the trial court" in determining whether an injunction should issue. American Home Investment Co. v. Bedel, 525 F.2d 1022, 1023 (8th Cir. 1975), cited with approval in Rittmiller v. Blex Oil, Inc., 624 F.2d 857 (8th Cir. 1980). See also Cole v. Benson, 760 F.2d 226 (8th Cir. 1985). In Dataphase Systems, Inc. v. C.L. Systems, Inc., 640 F.2d 109 (8th Cir. 1981), the court delineated the factors to be considered in ruling a motion for preliminary injunctive relief.

> Whether a preliminary injunction should issue involves consideration of (1) the threat of irreparable harm to the plaintiff; (2) the state of balance between such harm and the injury that granting the injunction will inflict on other parties litigant; (3) the probability that plaintiff will succeed on the merits; and (4) the public interest.

Id. at 113. Further, "[t]he dramatic and drastic power of injunctive force may be unleashed only against conditions generating a presently-existing actual threat; it may not be used simply to

eliminate a possibility of a remote future injury, or a future invasion of rights." Rogers v. Scurr, 676 F.2d 1211, 1214 (8th Cir. 1981) (quoting Holiday Inns of America, Inc. v. B. & B. Corp., 409 F.2d 614, 618 (3d Cir. 1969)). Thus, the inquiry is "whether the balance of equities so favors the movant that justice requires the court to intervene to preserve the status quo until the merits are determined." Dataphase, 640 F.2d at 113. The burden of proof is on the party seeking injunctive relief. United States v. Dorgan, 522 F.2d 969, 973 (8th Cir. 1975).

Additionally, "a party moving for a preliminary injunction must necessarily establish a relationship between the injury claimed in the party's motion and the conduct asserted in the complaint." Devose v. Herrington, 42 F.3d 470 (8th Cir. 1994).

Pursuant the discussion at the conference, it was determined that plaintiff's medical and psychological needs are being reasonably met at this time. Issues regarding access to hygiene supplies and adequate nutrition were also determined not to warrant preliminary injunctive relief at this time. Plaintiff is not currently on the "brown bag" or "meal loaf," which he alleges fail to provide adequate nutrition. To the extent plaintiff alleges lack of toothpaste and deodorant, he is being provided soap to wash with, and a toothbrush and water to brush his teeth. This court finds there to be no threat of irreparable harm to plaintiff should he not be given toothpaste or deodorant during the pendency of his claims. See Buckley v. Barlow, 997 F.2d 494, 495 (8th Cir. 1993) (allegations that inmate was denied certain personal hygiene items insufficient to state a claim for cruel and unusual punishment).

Nevertheless, counsel for Department of Corrections' defendants was ordered to provide to the court and plaintiff nutritional information regarding "brown bag" and "meal loaf," information as to qualification as an indigent for purposes of obtaining hygiene and legal supplies, and information regarding the hygiene and legal materials regularly issued to nonindigent inmates at no charge; as well as the cost and quantity of hygiene supplies available to inmates for purchase. Defendants were to further provide a copy of plaintiff's inmate account for the last six months identifying all deposits and withdrawals.

Counsel appearing on behalf of Correctional Medical Services advised plaintiff's alleged need for additional toilet tissue due to a medical condition would be immediately addressed.

2

IT IS, THEREFORE, RECOMMENDED that plaintiff's motion for preliminary injunctive relief be denied. [3]

Under 28 U.S.C. § 636(b)(l), the parties may make specific written exceptions to this recommendation within twenty days. The District Judge will consider only exceptions to the specific proposed findings and recommendations of this report. Exceptions should not include matters outside of the report and recommendation. Other matters should be addressed in a separate pleading for consideration by the Magistrate Judge.

The statute provides for exceptions to be filed within ten days of the service of the report and recommendation. The court has extended that time to twenty days, and thus, additional time to file exceptions will not be granted unless there are exceptional circumstances. Failure to make specific written exceptions to this report and recommendation will result in a waiver of the right to appeal. See L.R. 74.1(a)(2).

Dated this 2nd day of May, 2007, at Jefferson City, Missouri.

<u>William A. Knox</u>

WILLIAM A. KNOX
United States Magistrate Judge