IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | | |
|---|---|---|
| JOHN C. SKINNER, Register No. 1069523, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 07-4009-CV-C-SOW |
| | ) | |
| CORRECTIONAL MEDICAL SERVICES, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## REPORT, RECOMMENDATION AND ORDER

Plaintiff John Skinner, an inmate confined in a Missouri penal institution, brought this case under the Civil Rights Act of 1871, 42 U.S.C. § 1983, and its corresponding jurisdictional statute, 28 U.S.C. § 1343. This case was referred to the undersigned United States Magistrate Judge for processing in accord with the Magistrate Act, 28 U.S.C. § 636, and L.R. 72.1.

Defendants Correctional Medical Services (CMS) and Dave Dormire have filed motions to dismiss plaintiff's claims for failure to exhaust administrative remedies as required by 42 U.S.C. § 1997e. Defendant Dormire also seeks dismissal for failure to state a claim on which relief may be granted under 42 U.S.C. § 1983. Plaintiff has filed a suggestions in opposition to defendants' motions to dismiss.

*Exhaustion of Administrative Remedies*

Title 42 U.S.C. § 1997e(a) provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." Exhaustion of all administrative remedies as set forth by the Missouri Department of Corrections Offender Grievance Procedures must be completed prior to a prisoner filing suit. See Johnson v. Jones, 340 F.3d 624, 628 (8th Cir. 2003) (dismissal is required under section 1997e(a) if an inmate has failed to exhaust all available administrative remedies *prior* to filing suit). When multiple prison conditions claims have been joined, the plain language of section 1997e(a) requires that all available prison grievance remedies must be

exhausted as to all claims on which a prisoner is seeking relief.  Graves v. Norris, 218 F.3d 884, 885 (8th Cir. 2000) (per curiam).  Exhaustion of all administrative remedies means that a prisoner must use all steps that the Department of Corrections requires and must follow such steps properly.  Woodford v. Ngo, ___ U.S. ___, 126 S. Ct. 2378 (2006) (section 1997e(a) requires proper exhaustion of administrative remedies).  A prisoner must complete the administrative review process in accordance with applicable procedural rules, including deadlines, as a precondition to bringing suit in federal court.  Id.

In the instant case, defendants have submitted sworn statements of the grievance administrators for CMS and the Missouri Department of Corrections (MDOC), providing that plaintiff has not exhausted his claims.  Plaintiff acknowledges he has not completed the process of administrative exhaustion as required, but states his failure is the result of defendants denying him access to the grievance procedure.  Plaintiff states that on November 18, 2006, he filed an Internal Resolution Request form (IRR), seeking resolution of 36 separate complaints.  Subsequently, plaintiff states that such IRR was returned to him with the directive to file one issue per IRR, as provided by MDOC administrative grievance procedures.  Included with the directive was an IRR form, which plaintiff states he used to file a complaint regarding the MDOC policy limiting him to one complaint per IRR or grievance form.  Plaintiff states when he subsequently filed an IRR on his complaints on January 24, 2007, such IRR was denied due to the expiration of the 15-day deadline for filing an IRR.  Plaintiff states defendants' failure to allow more than one complaint per IRR and grievance, and requirement that IRR's be filed within 15 days of the incident complained of, improperly denied him the opportunity to administratively exhaust his claims.

Despite plaintiff's assertions, the record does not support his allegations that he was denied access to the grievance process.  Rather, the record reflects plaintiff failed to follow the steps that the Department of Corrections requires for exhaustion of administrative remedies.  Plaintiff's challenge to the administrative grievance procedures requiring grievances be filed within 15 days of the incident complained of, and requiring only one complaint per grievance form do not exempt plaintiff from properly exhausting his administrative remedies on his claims prior to filing suit.  Proper exhaustion demands compliance with MDOC's deadlines and other critical procedural rules.  The Supreme Court, in Woodford v. Ngo, a factually similar case,

specifically upheld dismissal of a prisoner's claims for failure to exhaust administrative remedies where the prisoner's grievance was denied for failure to comply with the time limitation of 15 days from the action being challenged as set forth in the prison grievance procedures. Id.

*Conclusion*

Thus, because plaintiff has not refuted and, in fact, concedes to defendants' evidence that he has not exhaust his administrative remedies prior to filing this federal lawsuit, and because the record does not support allegations that plaintiff was denied access to the prison grievance procedures, plaintiff's claims should be dismissed for failure to exhaust administrative remedies.

In light of this court's recommendation of dismissal for failure to exhaust administrative remedies, defendant Dormire's additional grounds for dismissal are not addressed in this recommendation.

On April 4, 2007, plaintiff also filed a motion to stay the motion of CMS, citing a request that the issues in its motion be resolved via a pretrial conference and hearing. Upon review, plaintiff's motion to stay the ruling of defendants' motions to dismiss is without merit. Plaintiff has filed suggestions in opposition to the motions to dismiss, and a hearing on the issues is unnecessary.

IT IS, THEREFORE, ORDERED that plaintiff's motion to stay is denied. [21] It is further

RECOMMENDED that defendants' motions to dismiss be granted and plaintiff's complaint dismissed, without prejudice, pursuant to 42 U.S.C. § 1997e, for failure to exhaust administrative remedies. [15, 43]

Under 28 U.S.C. § 636(b)(l), the parties may make specific written exceptions to this recommendation within twenty days. The District Judge will consider only exceptions to the specific proposed findings and recommendations of this report. Exceptions should not include matters outside of the report and recommendation. Other matters should be addressed in a separate pleading for consideration by the Magistrate Judge.

The statute provides for exceptions to be filed within ten days of the service of the report and recommendation. The court has extended that time to twenty days, and thus, additional time to file exceptions will not be granted unless there are exceptional circumstances. Failure to make

3

specific written exceptions to this report and recommendation will result in a waiver of the right to appeal.  See L.R. 74.1(a)(2).

Dated this 22nd day of August, 2007, at Jefferson City, Missouri.

/s/ *William A. Knox*

WILLIAM A. KNOX
United States Magistrate Judge

4